*E-FILED - 5/22/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON ANGUIANO, | No. C 08-0645 RMW (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE |
| vs. | |
| TILMAN, et al., | |
| Defendants. | (Docket No. 3) |

Plaintiff, proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 and a motion to proceed in forma pauperis. However, the court notes that plaintiff is no longer in custody. Accordingly, the court will DENY plaintiff's motion to proceed in forma pauperis (docket no. 3) without prejudice and direct plaintiff to submit the enclosed non-prisoner in forma pauperis application **within thirty days** of the date this order is filed. The court will DISMISS the instant complaint with leave to amend because it is unclear whether plaintiff's claim is barred pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).

///

///

///

Order of Dismissal with Leave to Amend; Denying Motion to Proceed in Forma Pauperis Without Prejudice
P:\pro-se\sj.rmw\cr.08\Anguiano645dwlta    1

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person was acting under the color of state law, and (2) the person committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claim

Plaintiff alleges that he was incarcerated eleven days beyond his release date. Plaintiff contends that his release date was January 6, 2008 pursuant to his plea agreement. Plaintiff seeks monetary damages for each day he was unlawfully held in custody beyond his release date. See Complaint at 3-4.

Depending on the nature of plaintiff's claim, any conviction or sentence imposed during the underlying criminal proceedings may be invalidated if plaintiff prevails on the merits of his claim, and therefore barred pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). However, it is unclear to the court whether plaintiff is alleging: (1) that the state superior court sentenced him to a longer term of custody than provided for in his plea agreement; or (2) that the California Department of Corrections and Rehabilitation ("CDCR") held him in custody beyond the sentence imposed by the state superior court in his underlying criminal proceedings pursuant to his plea agreement.

Accordingly, the court will DISMISS the instant complaint with leave to amend to allow plaintiff to clarify the nature of his claim as discussed above.

Plaintiff shall file an amended complaint **within thirty days** of the date this order is filed. Failure to file an amended complaint within the court's deadline will result in the court's dismissing the instant complaint without prejudice pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).

## CONCLUSION

1. Plaintiff's motion to proceed in forma pauperis (docket no. 3) is DENIED without prejudice. Plaintiff shall submit the non-prisoner in forma pauperis application enclosed with this order **within thirty days**. Failure to file a completed in forma pauperis application within the court's deadline will result in the court dismissing the instant civil rights action without prejudice for failure to file a completed in forma pauperis application or pay the filing fee.

2. The instant complaint is DISMISSED with leave to amend. Plaintiff shall file a amended complaint, or notify the court that he does not wish to pursue the instant case, **within thirty days** of the date this order is filed.

3. The amended complaint must include the caption and civil case number used in this order (C 08-0645 RMW (PR)) and the words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992). Plaintiff may not incorporate material from the original complaint, such as supporting documentation of his prison administrative appeal, by reference. Plaintiff must include all of his claims in the amended complaint. **Failure to file an amended complaint within the court's deadline will result in the court's dismissing the instant complaint without prejudice as barred pursuant to Heck v. Humphrey, 512 U.S. 477 (1994)**.

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."

///

1  Plaintiff must comply with the court's orders in a timely fashion or ask for an extension
2  of time to do so.  Failure to comply may result in the dismissal of this action pursuant to
3  Federal Rule of Civil Procedure 41(b).
4       IT IS SO ORDERED.
5
6  DATED:  5/19/08                              *Ronald M. Whyte*
                                       RONALD M. WHYTE
                                       United States District Judge